IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCOTT JEFFREY MELNICK,

        Plaintiff,

      v.                                                                   CIVIL ACTION
                                                                  NO. 14-3079

PARK CITY FAMILY HEALTH CLINIC -
INTERMOUNTAIN MEDICAL GROUP and DR.
ROBERT BARNETT,

        Defendants.

## MEMORANDUM

**SCHMEHL, J.**                                                        **February 17, 2015**

On June 3, 2014, Plaintiff Scott Jeffrey Melnick filed a *pro se* complaint against

Dr. Robert Barnett and Park City Family Health Care, followed by two amended

complaints on October 31, 2014, and November 14, 2014, that change the name of Park

City Family Health Care to Park City Family Health Clinic - Intermountain Medical

Group.[1] On November 26, 2014, Defendants filed a Motion to Dismiss or for Summary

Judgment. Plaintiff has not filed any response to the motion. The Court has recently

dismissed other actions filed by Plaintiff *sua sponte*; given that Defendants have filed a

motion in this matter, the grounds for dismissal are even clearer and more numerous, as

are the reasons for making the dismissal with prejudice.

First, although Defendants obviously learned of this lawsuit, they have not been

properly served. They received by mail only the summons, not the complaint, and it was

---

[1] To the extent Plaintiff required leave to file the amendments under Fed. R. Civ. P. 15(a), it is granted, and
the Court considers all three documents in an effort to make sense of the case.

the original version listing a different name for Defendant Park City. Even had the complaint accompanied the summons, the form and timing of service appear inadequate.[2]

Defendants have also raised the issue of personal jurisdiction, which indeed appears to be lacking. The Court may exercise jurisdiction over a nonresident if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). "[T]he plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). The complaints in this matter describe no contacts of the defendants with Pennsylvania aside from providing medical treatment to a Pennsylvanian while he was in Utah. Defendants have denied any other contacts, and Plaintiff has not responded, thereby failing to meet his burden.[3] Likewise, all aspects of the case point to Utah as the appropriate venue, and Pennsylvania law may even require that this case, which is at least in part a medical malpractice claim, be brought in Utah. *See* 42 Pa. C.S.A. § 5101.1.

---

[2] Fed. R. Civ. P. 4(e)(1) allows service in accordance with state law. Utah might allow service by mail if Defendants signed documents indicating receipt. *See* Utah R. Civ. P. 4(d)(2). The attachment to the motion to dismiss indicates Defendants received the summons by Priority Mail, which may have required a signature, but it is unclear and Plaintiff has certainly not filed appropriate proof of service. Pennsylvania might allow service by mail on an out-of-state defendant, but it would have to be within 90 days of issuance of the summons. *See* Pa. R.C.P. 404. Here, the summons Defendants received seems to be the version issued May 29, 2014 (possibly dated June 2, 2014), which means the delivery to Defendants on November 5, 2014, does not even make the 120-day time limit of Fed. R. Civ. P. 4(m) and Utah R. Civ. P. 4(b).

[3] Plaintiff does state that he "thinks to have known Dr. Barnett's being from – 6128 Lone Pond Lane, Allentown PA 18104 – past endeavor, a like representative of Upper Macungie township and Parkland School district whereof we have advice," and describes other local run-ins he believes he may have had with Barnett. Defendants deny any contact with Pennsylvania and state that Barnett is from Utah. Plaintiff having not responded, the Court can only conclude that the statements in the complaint are unsupported and potentially delusional allegations in keeping with the rest of the complaint.

The claim or claims also appear to run afoul of state limitations periods. The claims seem to involve personal injury and possible medical malpractice, which would be untimely under two-year statutes of limitations in both Pennsylvania and Utah, as well as a four-year absolute statute of repose in Utah. *See* 42 Pa. C.S.A. § 5524; Utah Code Ann. § 78B-3-404. The original complaint indicated that the events giving rise to the claims occurred on several dates in March 2007, more than seven years before the suit was filed, and the latest version of the complaint states that the alleged finger-twisting that seems to be the basis of the suit occurred far earlier, on July 7, 1989.

The confusion and lack of clarity already alluded to provide additional grounds for dismissal. "A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The *DeGrazia* court further described the plaintiff's claims as warranting dismissal because "they rel[ied] on fantastic scenarios lacking any arguable factual basis." *Id.* Similarly, dismissal may be warranted when the complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8; *see also Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007). In this case, while a conceivably legitimate medical malpractice claim can be inferred from a generous reading of the complaints, the documents are primarily rife with irrelevant statements and nonsense, including

3

suggestions that Dr. Barnett is not human and/or from outer space (e.g., "Plaintiff has the drift, they're from outer space and they want to pay the tariff."; "Prescient, the plaintiff thinks this defendants meaning was to owe him money and a debt of gratitude for past reasons. It's about this practice of removing the subject, I'll see surety of interests."; "This awesome PHS football play, this academic scholarship, this long supposed July 7, 1989 relation to Mr. Barack Obama and the Grateful Dead, the Mr. Bill Clinton and the great Democratic Party Debate, and about whether or not it was he who scored this plaintiffs ass around about the Leuthe's clandestine visit to beautiful Lake Tahoe, NV all pitch perfect.")

The Court's dismissal will be with prejudice. The complaint has already been amended twice without much apparent improvement, and there is no reason to suppose further amendment would cure the deficiencies, or particularly that Plaintiff could make further allegations that would fix problems regarding the statutes of limitations or personal jurisdiction.